IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] HOMMY SANTIAGO-RODRIGUEZ aka "Cacique,"<br><br>Defendant. | CASE NO. 19-604 (PAD) |

UNITED STATES' SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

The United States of America recommends that Defendant be sentenced to 132 months of imprisonment, regardless of criminal history category.

The United States makes this sentencing recommendation after having considered all 18 U.S.C. § 3553 factors, Defendant's role as a leader, the evidence available against him, and the circumstances of the offense of conviction.

I.    STATEMENT OF FACTS

Defendant was a leader at the José N. Gándara Public Housing Project for the drug trafficking organization. As such, he would manage drug points at which members of the organization sold street quantities of heroin, cocaine, crack cocaine and marijuana, since about 2013 until 2019, in the Municipality of Ponce.[1]

---

[1] As defendant admitted in the Plea Agreement's stipulated version of facts.

### The Drug Trafficking Organization

The DTO had a well-organized structure.

In summary, leaders/drug point owners within the DTO purchased kilogram quantities of narcotics, oversaw and received proceeds from their sale, and purchased firearms/ammunition, allowing members of the conspiracy to carry them to protect the drug distribution activities. Enforcers possessed and used firearms to protect the DTO's leaders and members, the narcotics, the sales' proceeds, and to further accomplish the DTO's conspiracy goals. Runners would provide sufficient narcotics to the sellers for further distribution at the drug points, collect the drug sales' proceeds from the street sellers, and pay and supervise them. Runners could also make schedules and prepare ledgers to maintain accountability of the drug points' sales. The sellers would distribute street quantity amounts of the drugs and were accountable for the sale's proceeds, and at times, would use two-way radios ("walkie-talkies" or "scanners") and cell phones in order to communicate with other members of the organization.

## II. PLEA AGREEMENT

Defendant pleaded guilty to Count One and Count Six of the Indictment. Count One charged him with conspiracy to possess with the intent to distribute heroin, cocaine base, cocaine, and marihuana in a protected location, in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 860. Count Six charged him with possession and aiding and abetting in the possession of firearms in furtherance of drug trafficking crimes, in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

As to Count One, the parties stipulated that Defendant conspired to possess with the intent to distribute at least 500 grams but less than 2 kilograms, for a **Base Offense Level of 24 U.S.S.G. § 2D1.1(c)(5)**. Defendant committed the offense of conviction within a protected location owned by a public housing authority, so 2 levels were added to the calculations. **U.S.S.G. § 2D1.2(a)(1)**. His supervisory role added 2 levels to the calculation. **U.S.S.G. § 3B1.1(c).** Lastly, 3 levels were deducted for his timely acceptance of responsibility. **U.S.S.G. §§ 3E1.1(a) and (b)**. The **Total Offense Level resulted in 25**, and the parties agreed to recommend a sentence of imprisonment of **60 to 72 months of imprisonment**. The parties did not stipulate any assessment as to Defendant's Criminal History Category, to be followed by a consecutive 60 months of imprisonment for Count Six.

### III. THE PRESENTENCE INVESTIGATION REPORT

As to Count One, the sentencing guidelines calculations in the PSR results also in a Total Offense Level ("TOL") of 25. PSR, Docket entry 1329, page 14. The calculated Defendant's Criminal History Category was I, PSR, page 15, thereby rendering a sentencing range of 57-71-151 months considering the TOL of 31. PSR, page 20. For Count Six the guideline is 60 months.

### IV. THE UNITED STATES SENTENCING RECOMMENDATION

The United States of America recommends that Defendant be sentenced to 132 months of imprisonment, 72 for Count One and 60 for Count Six of the Indictment.

This sentence recommendation is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment

for the offense. It is also suitable to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Defendant.

**WHEREFORE**, the United States respectfully requests that the Court accept our sentencing recommendation.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 17th day of January, 2023.

> W. Stephen Muldrow
> United States Attorney
>
> s/*R. Vance Eaton*
> R. VANCE EATON
> G03118
> Special Assistant United States Attorney
> United States Attorney's Office
> Torre Chardon, Suite 1201
> 350 Carlos Chardón Street
> San Juan, Puerto Rico 00918
> Tel: (787) 282-1877
> Email: Richard.eaton@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendant.

> s/*R. Vance Eaton*
> R. VANCE EATON
> G03118
> Special Assistant United States Attorney